UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| LARRY BOALS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 5:15-335-JMH |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, *Warden*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Larry Boals is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medial Center ("FMC")-Lexington, located in Lexington, Kentucky. Proceeding without an attorney, Boals has filed a "Motion to Compel Compliance with Federal Law" [R. 1] The Clerk of the Court has properly docketed Boals's submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Boals has paid the $5.00 filing fee. [R. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule

1

1(b)). The Court evaluates Boals's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Boals's allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**BACKGROUND**

On August 20, 2003, a one-count Criminal Information was filed in a Tennessee federal court, charging Boals with the transfer or unauthorized use of food stamps in violation of 7 U.S.C. § 2024. *United States of America v. Larry Boals*, No. 1:13-CR-10083-JDB (W. D. Tenn. 2013) [R. 2, therein] The Criminal Information alleged that Boals had obtained over $2 million in a manner contrary to the statutes and regulations governing the Supplemental Nutrition Assistance Program. On that same date, a Waiver of Indictment and Plea Agreement were filed. [R. 4-6, therein]

On November 20, 2013, the district court sentenced Boals to a 30-month prison term and a 3-year term of supervised release, and ordered him to pay $2,318,508 in restitution to the United States government. [R. 13, therein] On December 5, 2013, the district court ordered Boals to report to surrender to the BOP and report to FMC-Lexington on or before January 7, 2014, to begin serving his sentence. [R. 18, therein] The BOP's website reveals

that Boals, BOP Register No. 26209-076, is 76 years old, and that his projected release date is March 10, 2016. *See* http://www.bop.gov/inmateloc/ (last visited on December 10, 2015).

In his motion/construed § 2241 petition, Boals seeks an order directing FMC-Lexington officials to immediately release him to home confinement pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008). Boals asserts that he suffers from a serious medical condition; that he has been denied proper and regular follow up with a doctor; and that based upon his medical condition, he should be allowed to serve the remaining portion of his federal sentence under home confinement. Boals thus alleges that by denying his demand for immediate home confinement, the Respondent is violating his right to due process guaranteed under the Fifth Amendment of the U.S. Constitution. Further, Boals did not refer to the term "compassionate release," but the Court also liberally interprets Boals's submission as one in which he seeks a "compassionate release" from BOP custody.

Boals alleges that he has attempted to exhaust his claims according to the BOP's administrative remedy process, set forth in 28 C.F.R. §§ 542.13-18, but contends that he has encountered "improper delays." [R. 1, p. 1] Boals attached to his construed habeas petition the August 24, 2015, denial of his request for an informal administrative remedy from the staff, issued by Francisco Quintana, the Warden of FMC-Lexington. [R. 1-1, p. 5] Quintana

3

explained that in mid-August 2015, Boals's Unit Team rejected Boals's request for placement in either a Residential Reentry Center ("RRC") or home confinement from December 11, 2015, through March 10, 2016. [*Id.*] The Unit Team relied on the Central Sector Administrator's determination that Boals is a "high risk for life-threating cardiac arrhythmia with low ejection fraction and sleep apnea," and the resulting conclusion that Boals's medical status makes him "…a poor risk for placement in a community setting under the supervision of the Bureau of Prisons." [*Id.*] Boals then made a limited attempt to appeal the Warden's denial, but the attached exhibits reveal that BOP Regional Office rejected Boals's appeal as procedurally deficient, explaining that Boals failed to submit a *formal* request for an administrative remedy (BP-9 request) to the Warden of FMC-Lexington. [*Id.*, P. 2]

As explained below, the Court must deny Boals's specific and construed requests for relief.

## DISCUSSION

The Second Chance Act, 42 U.S.C. § 17501, operates in conjunction with a related statute, 18 U.S.C. § 3621(b). The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Montes v. Sanders*, No. CV

4

07-7284-CJC (MLG), 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008). Title 18 U.S.C. § 3624(c)(1) states, in part:

> The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (emphasis added). The following subsection, § 3624 (c)(2), permits the BOP to consider placing a federal inmate "…in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The decision to place an inmate in a pre-release community confinement is determined on an individual basis and according to the factors listed in 18 U.S.C. § 3621(b).

The text of § 3624(c)(1) requires the BOP to make efforts to place a prisoner in a transitional facility as his or her prison term nears its end, but it does not require such placement to be for any minimum amount of time. RRC placement is capped at a maximum of twelve months, and as the statute clearly states, the BOP's efforts are only required "to the extent practicable." Further, the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be "determined on an individual basis" according to the factors in 18

5

U.S.C. § 3621(b). *See McIntosh v. Hickey*, No. 10-CV-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky., May 17, 2010).

RRC placement and home confinement are helpful resources for readjustment to society, but a federal prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement. The Second Chance Act only requires the BOP to *consider* placing an inmate in an RRC or in home confinement for up to twelve-months; it does not automatically entitle, or guarantee, any prisoner such placement for twelve months. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010); *Whittenberg v. Ziegler*, No. 5:12-CV-01430, 2105 WL 2406111, at *1, n.2 (S.D.W.va. May 19, 2015) (Petitioner did not possess a constitutionally protected interest in placement in a RCC or on home confinement because the BOP's placement decisions under the statutes were clearly permissive, not mandatory); *Pennavaria v. Gutierrez*, No. 5:07CV26, 2008 WL 619197, * 9 (N.D.W.Va. Mar. 4, 2008)( federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement); *Mallett v. Shartle*, No. 4:10-CV-1057, 2011 WL 3289463, at *2 (N.D. Ohio Aug. 1, 2011) ("Although the BOP is authorized to place an inmate in home confinement or CCC, an inmate

6

is not entitled to such placement at any time. 18 U.S.C. § 3624(c). Mallett's only entitlement is an individual evaluation for placement at a CCC consistent with the factors set forth in 18 U.S.C. § 3621.") Thus, Boals enjoys no statutory or constitutionally protected *right*, or entitlement, to home confinement for the last three months of his federal sentence.

The Second Chance Act also implemented another reentry initiative, which authorizes the Attorney General consider "to determine the effectiveness of removing eligible elderly offenders from a[BOP] facility and placing such offenders on home detention until expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g)(1)(A), also known as the Elderly Offender Home Detention Pilot Program. In carrying out the program, the statute provides that "the Attorney General may release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention." 42 U.S.C. § 17541(g)(1)(B). The statute sets forth seven criteria which an offender in BOP custody must meet in order to be considered an "eligible elderly offender." *Id*. at § 17541(g)(5)(A)(i)-(vii).

To the extent that Boals may be basing his claim on the provisions of the federal prisoner reentry initiative set forth in 42 U.S.C.A. § 17541, the same result obtains. It is unclear, based on the limited administrative exhaustion documents which Boals has provided, if the prison staff evaluated his eligibility for home

7

confinement using the criteria set forth in 42 U.S.C. § 17541(g)(5)(A). But even so, the determination of whether is eligible and appropriate to participate in the pilot program is within the sole discretion of the BOP staff. *See* 42 U.S.C. § 17541(g)(5)(A)(iv) (referring to the BOP's sound correctional judgment and its right to process information which it uses to make classification decisions). Again, Congress employed permissive, not mandatory, language in this statutory scheme, stating, "…the Attorney General *may* release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention." 42 U.S.C. § 17541(g)(1)(B) (emphasis added).

Next, to the extent that Boals is requesting a compassionate release based on his medical condition, such a request must be denied. The "compassionate release" provision found in 18 U.S.C. § 3582 (c)(1)(A), states that "the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction; …" 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In light of the statute's plain requirement that only the BOP has standing to make such a request for release, the overwhelming majority of courts – including the Sixth Circuit – have held that a federal district court "lacks authority to review a decision by

8

the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i)." *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011) (collecting cases).

Further, because a compassionate release falls under 18 U.S.C. § 3582, *see* (c)(1)(A), the process must be undertaken in the sentencing court, not in a district court located in the jurisdiction where the prisoner is confined. *See Justice v. Sepanek*, No. 12-CV-74-HRW (E.D. Ky. Mar. 11, 2013) (holding that this Court lacked jurisdiction to grant habeas relief ordering compassionate release under § 3582); *Caudill v. Hickey*, No. 12-CV-7-KKC, 2012 WL 2524234 (E.D. Ky. June 29, 2012) (holding that compassionate release must be requested in and ordered by the sentencing court); *Quaco v. Ebbert*, No. 1:CV-12-117, 2012 WL 1598136, at *2 (M. D. Pa. May 7, 2012) (finding that a § 2241 petition was not the proper vehicle for obtaining a compassionate release and because it is typically pursued in the sentencing court); *Smoke v. United States*, No. 09-2050 (JRT/AJB),2009 WL 5030770, at *4 (D. Minn. Dec. 14, 2009) (same). Because this Court lacks authority to grant Boals a compassionate release, his § 2241 petition must be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Petitioner Larry Boals's petition for a writ of habeas corpus [R. 1] is **DENIED**.

9

    2.    The Court will enter a judgment contemporaneously with this order.

    3.    This matter is **STRICKEN** from the docket.

This December 11, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge